UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWIN GONZALEZ,

                Plaintiff,

    - against -

P.O. DENNIS HARRIGAN, Shield No. 18025,
P.O. "JOHN DOE" and THE CITY OF NEW YORK,

                Defendants.
-----------------------------------------------------------X

**COMPLAINT AND JURY TRIAL DEMAND**



Plaintiff, EDWIN GONZALEZ, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for battery and for negligence.

### VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

### JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## **PARTIES**

7.  At all times relevant hereto, plaintiff, EDWIN GONZALEZ, was and is a natural person and was resident in the County of Queens, City and State of New York.

8.  At all times relevant hereto, defendant P.O. DENNIS HARRIGAN, Shield No. 18025 (hereinafter "HARRIGAN") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9.  At all times relevant hereto, defendant P.O. "JOHN DOE" (hereinafter "DOE") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. On or about September 2, 2011, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

12. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claims.

13. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

14. The individual defendants are sued in their individual capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16. On or about June 8, 2011, at approximately 5:00 P.M., at the premises 160-11 89th Avenue, Jamaica, County of Queens, City and State of New York, at which plaintiff was residing, plaintiff heard a knock on the front door of his living unit.

17. Plaintiff opened the door and was immediately confronted by defendant HARRIGAN and several other New York City police officers.

18. With no warning whatsoever, or opportunity for plaintiff to voluntarily step out into the hallway, defendant DOE forcefully pulled plaintiff into the hallway by yanking on plaintiff's right arm.

19. Once in the hallway, plaintiff was roughly handcuffed by defendant HARRIGAN.

20. The aforementioned yanking of plaintiff's right arm by defendant DOE, followed by the aforementioned rough handcuffing by defendant HARRIGAN, resulted in so severely exacerbating a pre-existing condition of plaintiff's right shoulder as to dislocate it.

21. Plaintiff was placed under arrest for possession of a loaded firearm and unlawful possession of marijuana.

22. Once handcuffed, plaintiff was taken to an elevator where, while traveling down to the first floor of the premises, defendant DOE attempted to deal with plaintiff's

complaints of shoulder pain by trying to push his dislocated right shoulder back into place.

23. Plaintiff was taken to the stationhouse of the 103rd Precinct and from the stationhouse to Queens Hospital Center for treatment of his right shoulder.

24. Some time after plaintiff was returned to the stationhouse of the 103rd Precinct, he was again taken to Queens Hospital Center for further treatment of his right shoulder.

25. Upon information and belief, plaintiff still suffers from the injuries to his right shoulder that he received on the day of his arrest.

26. Defendants HARRIGAN and DOE violated plaintiff's right to be free of excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States, and to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States, when they, acting under color of state law, without any cause or provocation whatsoever, intentionally caused and exacerbated a severe injury to plaintiff's right shoulder.

27. As a result of the aforementioned unconstitutional and illegal actions taken by defendants HARRIGAN and DOE, plaintiff suffered a loss of his right to be free from excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States and his right to the due process of law, guaranteed to him by the fourteenth amendment to the Constitution of the United States, and, as a result, suffered, and continues to suffer, serious and permanent physical injuries for which he has required and continues to require medical treatment.

28.  By reason of the aforementioned unconstitutional and illegal actions taken against him by defendants HARRIGAN and DOE, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the defendants HARRIGAN and DOE.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS HARRIGAN, DOE AND THE CITY OF NEW YORK
**(Battery)**

29.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" hereinabove as if more fully set forth at length herein.

30.  On or about June 8, 2011, at approximately 5:00 P.M., at the premises 160-11 89th Avenue, Jamaica, New York, defendants HARRIGAN and DOE offensively touched plaintiff by dislocating and then attempting to reset plaintiff's right shoulder.

31.  The aforesaid force used by defendants HARRIGAN AND DOE was not reasonable under the circumstances.

32.  At the aforementioned time and place, defendants HARRIGAN and DOE were acting within the scope of their employment by defendant CITY OF NEW YORK.

33.  By reason of the aforementioned battery committed against plaintiff by defendants HARRIGAN and DOE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, and through no culpable conduct of his own, plaintiff suffered and continues to suffer serious and permanent physical injuries for which he has required, and will continue to require, medical treatment.

34. By reason of the aforementioned battery committed against plaintiff by defendants HARRIGAN and DOE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants HARRIGAN and DOE.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS HARRIGAN, DOE AND THE CITY OF NEW YORK
(Negligence)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34" hereinabove as if more fully set forth at length herein.

36. On or about June 8, 2011, at approximately 5:00 P.M., at the premises 160-11 89th Avenue, Jamaica, New York, plaintiff suffered injuries to his right shoulder when defendant HARRIGAN negligently, carelessly and recklessly handcuffed him after defendant DOE had negligently, carelessly and recklessly pulled roughly on plaintiff's right arm.

37. Immediately thereafter, with plaintiff's right shoulder now dislocated as a result of the aforementioned yanking and handcuffing, defendant DOE negligently, carelessly and recklessly attempted to push plaintiff's dislocated right shoulder back into place.

38. At the aforementioned time and place, defendants HARRIGAN and DOE were acting within the scope of their employment by defendant CITY OF NEW YORK.

39. By reason of the aforementioned negligence, carelessness and recklessness of defendants HARRIGAN and DOE, while they were acting within the

scope of their employment by defendant CITY OF NEW YORK, plaintiff, through no culpable conduct of his own, has suffered and continues to suffer serious and permanent physical injuries for which he has, and will continue, to receive medical treatment.

40. As a result of the negligence, carelessness and recklessness of defendants HARRIGAN and DOE, and through no culpable conduct of his own, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants HARRIGAN and DOE.

WHEREFORE, plaintiff, EDWIN GONZALEZ, demands judgment against defendants P.O. DENNIS HARRIGAN, Shield No. 18025, P.O. "JOHN DOE" and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants HARRIGAN and DOE;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants HARRIGAN and DOE;

THIRD CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants HARRIGAN and DOE.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      September 5, 2012

*/s/ Alan D. Levine*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2218